EVANS et al. v. ROOD et al.

(Circuit Court of Appeals, Third Circuit. February 9, 1900.)

No. 31.

PATENTS—INFRINGEMENT—MACHINES FOR DRESSING HIDES.

The Rood & Vaughan patent, No. 383,914, for an improvement in machines for shaving skins or hides, as to claim 3, which relates to the cutter cylinder, is limited by the prior art to the precise construction shown, which is a cylinder having two series of knives, arranged spirally thereon, the direction of each series being opposite to that of the other, and each series extending "from one end of the cylinder to and beyond the middle of such cylinder, longitudinally thereof, and until they abut against each other"; and such patent is not infringed by a machine in which the two series of knives terminate or abut against each other on the center line of the cylinder.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Henry E. Everding and Frederick P. Fish, for appellants.

Charles E. Morgan, for appellees.

Before ACHESON and GRAY, Circuit Judges, and KIRKPAT-RICK, District Judge.

KIRKPATRICK, District Judge. The appellees' patent in suit, No. 383,914, dated June 5, 1888, purports to be for an improvement in machines for shaving skins and hides, and especially for an improvement in a shaving machine designed as shown in letters patent No. 339,323, granted to John Rood, one of the joint inventors named in patent No. 383,914. The part of the patented device more particularly indicated as being infringed by defendants' machines is the cutter cylinder. This cylinder, which was common to both of Rood's patents, as constructed under patent No. 339,323, had certain alleged defects, which resulted, when operating, in marking and scratching the shaved skins in an undesirable manner. The alteration of the construction of this cutter cylinder, to effect such an arrangement of the knife blades thereon as would obviate this undesirable result, was the principal point of inventive change sought to be embodied in patent No. 383,914. There were other modifications in the appellees' machine of the later patent not found in the machine embodying patent No. 339,323, but they related only to detail of mechanical construction, the application of a sharpening device to the cutter blades, and other minor features, not directly relative to the question at issue in this cause. The third claim of the complainants' patent alleged to be infringed reads as follows:

"A cutter cylinder having two series of knives, as described, arranged in a spiral direction on the external surface of said cylinder, the direction of each series being opposite to, or the reverse of, the other series, extending from one end of the cylinder to and beyond the middle of such cylinder, longitudinally thereof, until they abut against each other, substantially as shown and described."

The specification of the patent relating to this claim is as follows:

"A cutter cylinder, B, having on its external surface two series of knives, a, b, each series being arranged to extend from one end of the cylinder to-

wards the other end thereof, and in a spiral direction, the direction of each series being opposite to that of the other series. The knives of each series are extended beyond the middle of the cylinder, longitudinally thereof, until they abut each against the other, as shown in Fig. 4. By arranging the knives as represented, no mark will remain on the hide after it has been operated on by them, and during the operation of shaving the said hide or skin it will be kept in a smooth state, owing to the arrangement of the knives, they tending to extend or spread the portion of the skin, while being acted upon by them, in directions from the said middle of the cylinder towards each end of it."

It is apparent, from the specific language of this claim and specification, that the patentees' conception of their invention was clearly defined and concisely expressed. The invention was, as stated, a cutter cylinder, with blades spirally arranged, as described, and extending from each end of the cylinder to and beyond the middle of each cylinder, longitudinally, until they abutted against each other. If we look into the prior state of the art, we will find the reversed spiral arrangement of blades in a number of machines constructed under earlier patents. As early as July 9, 1867, patent No. 66,640 was granted to John Schiffer for a machine for dressing hides and skins, which contained a rotary scraper, with knives spirally divergent around the cutter thereof, abutting against each other at the center. Patent No. 4,996, dated August 2, 1865, issued to Bray, describes a cutter cylinder with spirally arranged blades overlapping, but not abutting, against each other, so that the scratches left upon the hide by the extremity of one blade would be removed by the cutting of the next blade following. A cutting surface was thus continually presented to the hide, and the hide was so held firmly and flat while being operated upon. In the Masterson English patent, No. 782 of 1877, a cylinder somewhat similar to the Bray is found. Speaking of the helical arrangement of the cutter blades of this cylinder, the specification of the patent says: "They start from alternate points at the middle, the ends at the middle being rounded off so that no angles are presented."

The principle of overlapping cutter blades was adopted in the early Rood patent, No. 339,323, in order that no part of the skin or hide should remain untreated. It is evident that from the early stages of the art till the granting of the patent in suit, while slight differences in mechanical detail were to be found in the different devices, yet the same result was sought by the various patentees and inventors, and sought along the same lines and similar theories. The peculiar arrangement of the knives in all the above-mentioned cylinders was designed, not only to keep the skin or hide flat and stretched while being operated upon, but to prevent the marking of the skin, or hide along the middle or at the terminals of the knife blade, just as in the cutter cylinder of the patent in suit the continuation of the knife blades across the center of the cylinder is to accomplish the like result. It was plain that the marks or scratches upon the hide were caused by the failure to have a cylinder that continuously presented a cutting-blade surface to the hide or skin, thereby leaving some part of the skin uncut or untreated, and which part would then form a ridge or mark upon the surface. As we

have seen, the idea of overlapping blades had been clearly conceived before complainants' patent was applied for, and when they chose such an arrangement for their device they embodied no new principle. It had been employed by Masterson as far back as 1877, and used by the designers of many other cutting cylinders well known to the trade. The complainants did no more than add to an old form a new feature, consisting of an extension of the blades beyond the center of the cylinder until they abutted.

The invention being, then, in no sense a pioneer in the art, no unexpressed meaning can be read with the claim, and the patent must be limited to the specific device described therein. Literally interpreted, it must be understood to claim that the cutter blades extend, not only to, but beyond, the middle of the cylinder, and there abut on some line not coincident with the middle line of the cutter cylinder. The appellants (the defendants below) have made and sold the forms or types of cutter cylinders known in the record as the "Burke-Evans Cutter Cylinder" and the "Creery-Evans Cutter Cylinder." The latter appears to have two series of knives, arranged in a spiral direction, upon its surface; the direction of each series being opposite to, or the reverse of, that of the other series. This cutter cylinder has the knives of each series extending towards, but not beyond, the middle of the cylinder. In the Burke-Evans cutter cylinder the abutting arrangement of the knives is not exactly like that in the Creery-Evans cylinder, but it varies only in small mechanical details, that do not change the principle of construction. They are both what is technically known as "balanced cylinders," having the distinguishing feature of center-line abutment of the knife blades. The appellees' cutter cylinder is of the class or type known as "staggered cylinders," in which the cutter blades do not abut on the center line of the cylinder. The requirement of the third claim of the patent is that the knives shall extend "from one end of the cylinder, to and beyond the middle of such cylinder, longitudinally thereof, until they abut against each other," and this construction of their device is fully explained in the specification to be essential to the particular improvement intended to be protected by their patent. The specification describing the novel feature of the complainants' device, set out in the third claim of patent No. 383,914, as clearly differentiates it from the construction found in the appellants' devices as it does from those of the prior Rood patent and the others to which we have referred. Upon the record presented, we are of the opinion that the appellants' cutter cylinders do not embody the construction specified in the appellees' patent in suit, and are not infringements thereon. The decree of the circuit court is therefore reversed, and the record will be remitted, with instructions to dismiss the complainants' bill of complaint.